**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIE SANDER, | |
| Plaintiff, | Civil Action No.: 15-cv-5879 (VSB) |
| -against- | |
| OFFICE OF COMPTROLLER OF THE CURRENCY (OCC); DEPARTMENT OF TREASURY; and JPMORGAN CHASE BANK, N.A. | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A PERMANENT INJUNCTION ENJOINING PLAINTIFF FROM FILING FUTURE LAWSUITS**

On the Brief:

Melinda Colón Cox, Esq. (Parker Ibrahim & Berg LLC)
Anthony W. Vaughn, Jr., Esq. (Parker Ibrahim & Berg LLC)

{00538684.DOCX 2}

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ....................................................................................................2

     A.   LOAN ORIGINATION AND HISTORY ..........................................................2

     B.   PLAINTIFF'S PRIOR STATE AND FEDERAL ACTIONS ..........................4

     C.   PROCEDURAL HISTORY OF THIS ACTION ................................................5

LEGAL ARGUMENT..........................................................................................................6

I.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION ..................6

II.   DISMISSAL OF THE COMPLAINT IS WARRANTED AS PLAINTIFF'S CLAIMS ARE BARRED UNDER THE PRINCIPLES OF *RES JUDICATA*................................8

     A.   STANDARD OF REVIEW FOR FAILURE TO STATE A CLAIM ................8

     B.   PLAINTIFF'S COMPLAINT IS BARRED BY THE DOCTRINE OF *RES JUDICATA* ........................................................................................................9

III.   PLAINTIFF SHOULD BE ENJOINED FROM COMMENCING ANY FUTURE ACTION AGAINST THE DEFENDANTS WITHOUT THIS COURT'S PERMISSION ........................................................................................................................11

CONCLUSION....................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)....................................................................................................... 8, 9

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)....................................................................................................... 8, 9

*Burka v. N.Y. City Transit Auth.,*
32 F.3d 654 (2d Cir. 1994)................................................................................................ 10

*Cameron v. Church,*
253 F. Supp. 2d 611 (S.D.N.Y. 2003).......................................................................... 9, 10

*Chambers v. Time Warner, Inc.,*
2182 F.3d 147 (2d Cir. 2002)............................................................................................. 2

*Darden v. DaimlerChrysler N. Am. Holding Corp.,*
191 F. Supp. 2d 382 (S.D.N.Y. 2002)................................................................................ 6

*Dynegy Midstream Servs. v. Trammochem,*
451 F.3d 89 (2d Cir. 2006)................................................................................................. 6

*Flaherty v. Lang,*
199 F.3d 607 (2d Cir. 1999)............................................................................................... 9

*Iwachiw v. N.Y. State Dep't of Motor Vehicles,*
396 F.3d 525 (2d Cir. 2005)............................................................................................. 12

*Josey v. Sallie Mae, Inc.,*
No. 09-4403, 2009 U.S. Dist. LEXIS 72157 (S.D.N.Y. Aug. 17, 2009)........................... 8

*Kassner v. 2nd Ave. Delicatessen, Inc.,*
496 F.3d 299 (2d Cir. 2007)............................................................................................... 9

*L-7 Designs, Inc. v. Old Navy, LLC,*
647 F.3d 419 (2d Cir. 2011)............................................................................................... 8

*Licci v. Lebanese Canadian Bank, SAL,*
673 F.3d 50 (2d Circ. 2012)............................................................................................... 6

*Mai Sa v. Doe,*
406 F.3d 155 (2d Cir. 2005)............................................................................................. 11

*Mende v. Milestone Tech., Inc.,*
269 F. Supp. 2d 246 (S.D.N.Y. 2003) ........................................................................ 7

*Monahan v. N.Y.C. Dep't of Corr.,*
214 F.3d 275 (2d Cir. 2000) ..................................................................................... 10

*Safir v. U.S. Lines Inc.,*
792 F.2d 19 (2d Cir. 1986) ....................................................................................... 12

*Saud v. Bank of N.Y.,*
929 F.2d 916 (2d Cir. 1991) ..................................................................................... 10

*Shafi v. Britiwsh Airways, PLC,*
83 F.3d 566 (2d Cir. 1996) ....................................................................................... 12

*Swiatkowski v. Citibank,*
745 F. Supp. 2d 150 (E.D.N.Y. 2010) ..................................................................... 10

*TechnoMarine SA v. Giftports, Inc.*
758 F.3d 493 (2d Cir. 2014) ..................................................................................... 10

*Teltronics Services, Inc. v. Hessen,*
762 F.2d 185 (2d Cir. 1985) ....................................................................................... 9

*Teltronics Servs., Inc. v. L M Ericsson Telecommc'ns, Inc.*
642 F.2d 31 (2d Cir. 1981) ....................................................................................... 10

*Thomas & Agnes Carvel Found. v. Carvel,*
736 F. Supp. 2d 730 (S.D.N.Y. 2010) ..................................................................... 11

**Rules**

CPLR 308(3) ................................................................................................................ 7

CPLR 308(4) ................................................................................................................ 7

CPLR 312-a(a) ............................................................................................................. 7

CPLR 2309 ................................................................................................................. 13

Fed. R. Civ. P.  4(e) ..................................................................................................... 7

Fed. R. Civ. P. 12(b)(2) ........................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1, 8

{00538684.DOCX 2}

## PRELIMINARY STATEMENT

Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), respectfully submits this Memorandum of Law in support of its motion to dismiss the complaint filed by Plaintiff Marie Sander ("Plaintiff" or "Sander") pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(6) and seeking entry of a permanent injunction prohibiting Plaintiff from commencing any new actions against Chase in connection with the subject loan and property, as described herein in more detail, unless Plaintiff first receives permission from the underlying state or federal court.

Dismissal of this action with prejudice is appropriate as Plaintiff's Complaint fails to state a claim upon which relief may be granted.  Even when accepting all of Plaintiff's allegations as true, this action is barred on principals of *res judicata*.  Plaintiff has raised the same claims and allegations of mortgage fraud against the same Defendant in two separate state court proceedings, which were each dismissed with prejudice.  Plaintiff's third action filed with this Court also was dismissed based on the doctrine of *res judicata*.  As Plaintiff has had a full and fair opportunity to litigate the issues presently before this Court and the prior dismissals were an adjudication of the merits, Plaintiff is prohibited from raising and re-litigating the same allegations and/or claims in this action.

As this is Plaintiff's fourth lawsuit against Chase, all stemming from the same allegation of mortgage fraud, Defendant seeks an injunction against the Plaintiff enjoining her from commencing any future lawsuit related to the subject loan, property and/or her allegations of fraud against the Defendant or Defendant's employees, agents or attorneys, without first seeking leave from this Court.  As Plaintiff's claims already were adjudicated on the merits, it is respectfully submitted that such an injunction is warranted, as Defendant will otherwise be unjustly forced to expend significant resources and expenses in defending against Plaintiff's meritless claims.

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order dismissing the Complaint in its entirety and with prejudice and enjoining Plaintiff from commencing any future lawsuits against the Defendants without leave of court.

## STATEMENT OF FACTS

### A.  Loan Origination and History

On November 20, 2002, Plaintiff executed a mortgage (the "2002 Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Greenpoint Mortgage Funding, Inc. ("Greenpoint Mortgage") against certain real property, commonly known as 56 Touissant Avenue, Yonkers, New York 10710 (the "Property"), securing a loan in the amount of $262,500.00 (the "2002 Note").  *See* Affirmation of Melinda Colon Cox, Esq., dated January 20, 2016 ("Cox Aff.") ¶ 3, Exh. 1; Affidavit of Brandie S. Watkins, dated December 31, 2013 ("Watkins Aff.") ¶¶ 3-4, Exhs. A-B.[1]  On September 27, 2004, Plaintiff executed a second mortgage (the "2004 Mortgage") to Great American Mortgage Corp. ("Great American Mortgage") against the Property, securing a loan in the amount of $83,536.00 (the "2004 Note").  *See* Watkins Aff ¶¶ 5-6, Exhs. C-D.  On the same date, Plaintiff executed a Consolidation, Extension and Modification Agreement to MERS, as nominee for Great American Mortgage, consolidating the 2002 Mortgage and 2004 Mortgage to form a single lien in the amount of $340,000.00 (the "2004 CEMA").  *See id.* at ¶ 7, Exh. E.

As the 2002 Mortgage and 2004 Mortgage were consolidated by the 2004 CEMA, due to inadvertence and administrative error, MERS, as nominee for Greenpoint Mortgage, executed a Satisfaction of the 2002 Mortgage.  *See* Cox Cert. ¶ 4, Exh. 2.  Chase has commenced a quiet

---

[1] The loan history and documents referenced in the Watkins Affidavit may be properly considered by this Court even though they are not attached to Plaintiff's Complaint, because they are necessary and integral to Plaintiff's mortgage fraud allegations and claims.  *See Chambers v. Time Warner, Inc.*, 2182 F.3d 147, 153 (2d Cir. 2002).

title action in New York Supreme Court, Westchester County, captioned: *JPMorgan Chase Bank, National Association v. Marie Sander, et al.*, Index No. 70216/2013 (the "Quiet Title Action"), seeking an Order to vacate this erroneous satisfaction of mortgage, to which Plaintiff has filed an Answer with Counterclaims, asserting many of the same claims asserted in this action. *See id.* at ¶¶ 5-6, Exh. 3-4. The 2004 Mortgage and 2004 CEMA remain valid liens against the Property. *See id.* at ¶ 5, Exh. 3.

Fannie Mae acquired the 2002 Mortgage and 2004 Mortgage, as consolidated by the 2004 CEMA (collectively, the "Loan"), from Great American Mortgage Corp. and is the current investor of the Loan. *See* Watkins Aff. at ¶ 8. On May 4, 2005, Chase Home Finance LLC became the servicer of the Loan. *See id.* at ¶ 9.

Plaintiff defaulted under the terms of the Loan on October 1, 2005 and has failed to cure her default. *See id.* ¶ 10. On September 26, 2006, Plaintiff executed a deed transferring title to the Property to Ledivin Corp. *See* Cox Cert. ¶ 7, Exh. 5.

On April 9, 2010, the 2002 Mortgage and 2004 Mortgage, as consolidated by the 2004 CEMA, were assigned by MERS, as nominee for Great American Mortgage Corp. to Chase Home Finance LLC (the "2010 Assignment").[2] *See* Cox Cert. ¶ 8, Exh. 6. JPMorgan Chase Bank, N.A. is the successor by merger to Chase Home Finance LLC. *See* Watkins Aff. ¶ 9; Cox Cert. ¶ 9, Exh. 7.

On May 30, 2013, MERS, as nominee for Greenpoint Mortgage, assigned the 2002 Mortgage to MERS, as nominee for Great American Mortgage Corp. (the "2013 Assignment"). *See* Cox Aff. ¶ 10, Exh. 8.

---

[2] As MERS, as nominee for Greenpoint Mortgage, was still the mortgagee of record, Chase seeks to vacate and discharge the 2010 Assignment in the Quiet Title Action. If granted, Chase will record a new assignment of mortgage in order to correct the chain of title for the subject Property. *See* Cox Cert. ¶ 5, Exh. 3, Quiet Title Action Amended Complaint.

**B.  Plaintiff's Prior State and Federal Actions**

Plaintiff previously filed two affirmative state actions against Chase and a federal action, which currently is up for appeal before the Second Circuit.

Specifically, on or about October 9, 2012, Plaintiff commenced an action with the New York Supreme Court, New York County against Chase, captioned: *Marie Sander v. Chase, et al.*, Index No. 652486/2012 (the "2012 Action").  *See* Cox Cert. ¶ 11, Exh. 9.  In the 2012 Action, Plaintiff alleged that Chase engaged in fraudulent practices, because she never had a loan with Chase and alleges that she does not owe Chase, or its affiliates, any outstanding debt under the subject Loan.  *See id. generally.*  Plaintiff broadly alleged fraudulent and unlawful practices, public nuisance, forgery, and malicious conspiracy and prosecution, seeking damages for "harassment and intimidation of illegal practices" and for allegedly "making illegal claims against the Plaintiff" in connection with prior foreclosure actions.  *See id.* at Wherefore Clause. Upon motion for summary judgment filed on behalf of Chase, on April 14, 2014, the Court entered an Order dismissing the 2012 Action with prejudice.  *See id.* at ¶ 12, Exh. 10.

On December 27, 2013, Plaintiff commenced a second state action with the New York Supreme Court, New York County against Chase, captioned: *Marie Sander v. Parker Ibrahim & Berg, et al.*, Index No. 101747/2013 (the "2013 Action").   In the 2013 Action, Plaintiff alleges that Chase and counsel for Chase engaged in a framework of corruption, bribery, fraud, discrimination, abuse of process, conspiracy, theft, malicious prosecution and scams under the false claims act.  *See id.* at ¶ 13, Exh. 11.  Upon Chase's motion to dismiss, on April 14, 2014, the Court entered an Order dismissing the 2013 Action with prejudice.  *See id.* at ¶ 14, Exh. 12.

Next, on February 10, 2014, Plaintiff filed a third action in the United States District Court for the Southern District of New York, captioned: *Marie Sander v. Rosicki, Rosicki and*

*Associates*, Case No. 14-cv-827 (VSB) (the "2014 Action").  *See id.* at ¶ 15 Exh. 13.  In the 2014 Action, Plaintiff again raised many of the same allegations and claims of fraud, mortgage scams, abuse, forgery regarding the Watkins Affidavit, and corruption set forth in this action and Plaintiff's prior state actions.  *See id.*  Based on Chase's pre-answer motion to dismiss, the 2014 Action also was dismissed with prejudice by Memorandum and Order of this Court, entered on March 16, 2015, based on the principle of *res judicata*.  *See id.* at ¶ 16, Exh. 14.

Plaintiff filed an appeal of the Court's Order, which currently is pending before the United States Court of Appeals, Second Circuit.  *See id.* at ¶ 17, Exh. 15.

### C.  Procedural History of this Action

On June 22, 2015, Plaintiff filed a third action against Chase in the Supreme Court of New York, Westchester County, captioned: *Sander Marie v. Office of Comptroller of the Currency (OCC)*, Index No. 60699/2015 (the "2015 Action").  *See id.* at ¶ 18, Exh. 16.  In the 2015 Action, Plaintiff again sets forth the same allegations regarding mortgage fraud, scams, forgery and corruption, alleging that she paid the loan off in 2005 – a fact that Chase disputes and an issue that is being addressed in the Quiet Title Action.  *See id.*

Upon the filing of a Notice of Removal by defendant, the Office of the Comptroller of the Currency (the "OCC"), on July 27, 2015, the 2015 Action was removed to this Court under Case Number 15-cv-5879 (VSB).  *See id.* at ¶ 19, Exh. 17.  Thereafter, on October 23, 2015, the OCC filed a Motion to Dismiss, which remains pending before this Court.  *See id.* at ¶ 19, Exh. 18.  Finally, on January 5, 2016, upon the request of Chase, this Court granted Defendant leave to file the within pre-answer motion to dismiss.  *See id.* at ¶ 21, Exh. 19.

For the reasons set forth herein, the Complaint filed against Chase should be dismissed in its entirety and Plaintiff should be enjoined from commencing any new lawsuits against Chase.

## LEGAL ARGUMENT

**I.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

As Plaintiff failed to effectuate proper service of the pleadings upon Chase, this action should be dismissed for lack of personal jurisdiction.  Under Federal Rule of Civil Procedure ("FRCP") 12(b)(2), a party may file a pre-answer motion to dismiss for lack of personal jurisdiction.  In order to survive the motion to dismiss, a plaintiff has the burden to demonstrate "a *prima facie* showing that jurisdiction exists." *Licci v. Lebanese Canadian Bank, SAL,* 673 F.3d 50, 59 (2d Circ. 2012) (citation omitted).

Notably, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of [the] summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006 (internal quotation and citation omitted). The plaintiff has the burden to demonstrate proper service of the pleadings and mere, conclusory allegations of proper service will not satisfy that burden. *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).  In determining whether service was properly effectuated, a court may "look to matters outside the complaint to determine whether it has jurisdiction. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

Pursuant to FRCP 4(e), service may be completed by following state law for "the state where the district court is located or where service is made; or . . . [by] delivering a copy of each to an agent authorized by appointment or by law to receive service or process."  Under New York Civil Practice Law and Rules ("CPLR") 308(3), service of process upon a corporate or business entity if effectuated by personal delivery of the summons to the designated and authorized agent of the person within the State.  If personal service cannot be completed after due diligence, a party my

complete service "by affixing the summons to the door of . . . the actual place of business . . . within the state of the person to be served and by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope" marked "personal and confidential" that does indicate that the communication concerns an action within twenty days of each other.  CPLR 308(4).  To properly effectuate service under CPLR 308(3), proof of service must be filed with the clerk of the court within twenty days of the affixing or mailing, whichever is later.  *See id.*  Finally, as an alternative method of service, New York also permits service of a copy of the summons and complaint by first class mail, postage prepaid, with two copies of a statement of service by mail and acknowledgment of receipt with a prepaid return envelope addressed to the sender.  CPLR 312-a(a).

In the instant matter, the underlying complaint was filed with the New York Supreme Court, Westchester County, on June 22, 2015.  Plaintiff did not file proof of service upon Chase with the state court prior to the removal of the action to this Court.  On October 28, 2015, Plaintiff filed an Affidavit of Service with this Court, indicating that the summons and complaint were served upon Chase on July 30, 2015, at its place of business located at 1111 Polaris Parkway, Columbus, Ohio 43240, by way of the post office.

Plaintiff's Affidavit of Service does not comply with the service requirements under the FCRP or New York's CPLR.  Plaintiff failed to personally serve a copy of the summons upon Chase's designated corporate agent and otherwise failed to comply with service requirements for alternative service by mailing.

Based on the foregoing, as Plaintiff is unable to meet her burden to demonstrate proper service upon Chase, it is respectfully submitted that Plaintiff's claims against Chase must be dismissed for failure to effectuate service and lack of personal jurisdiction.

## II.   DISMISSAL OF THE COMPLAINT IS WARRANTED AS PLAINTIFF'S CLAIMS ARE BARRED UNDER THE PRINCIPLES OF *RES JUDICATA*

For the same reasons that Plaintiff's 2015 Action was dismissed, the within action filed against Defendant should be dismissed based on principles of *res judicata* and failure to state a claim upon which relief may be granted.

### A.   Standard of Review for Failure to State a Claim

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "FRCP"), a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is considered to be facially plausible, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The standard requires "more than a sheer possibility that a defendant has acted unlawfully".  *Id.*

Whether a court finds plausibility is dependent on a number of considerations, including: "the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). When considering a motion to dismiss, courts are not limited to the allegations in the complaint. Courts "may consider documents attached to the complaint as an exhibit or incorporated in the complaint by reference."  *See Josey v. Sallie Mae, Inc.*, No. 09-4403, 2009 U.S. Dist. LEXIS 72157, at * 11 (S.D.N.Y. Aug. 17, 2009).  Nonetheless, the court is required to accept as true all

allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Twombly*, 550 U.S. at 555; *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 299, 237 (2d Cir. 2007).

A complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not defeat a motion to dismiss. *Twombly*, 550 U.S. at 555. Nor will a complaint that contains only "naked assertion[s]" without "further factual enhancement." *Id.* at 557. Thus, while a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. at 680-81.

Here, as Plaintiff's claims already were adjudicated on the merits in the prior 2012 Action and 2013 Action, it is respectfully submitted that Plaintiff fails to state a claim upon which relief may be granted in this action, as all claims are barred by the principles of *res judicata*.

### B.  Plaintiff's Complaint is Barred by the Doctrine of *Res Judicata*

Under the doctrine of *res judicata*, which is also known as claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action, not just those that were actually litigated." *Id.* at 170-71 (quoting *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (citations omitted)). *Res judicata* precludes a "later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same [claim, or] cause of action." *Cameron*, 253 F. Supp. 2d at 619 (quoting *Teltronics Services, Inc. v. Hessen*, 762 F.2d 185, 190 (2d Cir. 1985)); *TechnoMarine*

*SA v. Giftports, Inc.* 758 F.3d 493, 499 (2d Cir. 2014) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)).  Thus, *res judicata* precludes any claims or defenses that could have been raised in a prior action, even if the claims or defenses were not actually raised or addressed.  *See Cameron*, 253 F. Supp. 2d at 619.

In considering whether the doctrine is applicable, a court "must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court."  *Swiatkowski*, 745 F. Supp. 2d at 170-71 (quoting *Burka v. N.Y. City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (emphasis added)) (applying the doctrine of *res judicata* and barring plaintiff's constitutional, fraud and forgery claims in connection with the entry of judgment of foreclosure and sale and bankruptcy proceeding, because the underlying foreclosure was an adjudication on the merits and all claims and issues were or could have been addressed in the underlying proceedings).  Notably, judgments on motions to dismiss for failure to state a claim "are on the merits, with *res judicata* effects."  *Teltronics Servs., Inc. v. L M Ericsson Telecommc'ns, Inc.* 642 F.2d 31, 34 (2d Cir. 1981) (internal quotation marks omitted).

As the 2012 Action and 2013 Action were both dismissed with prejudice for failure to state a claim, and each action included the same claims of mortgage fraud, forgery, abuse of process and corruption Plaintiff sets forth in this current action, is respectfully submitted that this action is barred by the doctrine of *res judicata*.  *See Saud v. Bank of N.Y.*, 929 F.2d 916, 920 (2d Cir. 1991) (affirming *res judicata* dismissal where two actions were both "based on broad allegations of fraud in connection with the same loan transaction").  Indeed, any new claims and/or allegations contained in Plaintiff's current complaint stem from the same allegations and circumstances set forth in the 2012 Action, 2013 Action and 2015 Action and, as such, could and should have been raised in the prior proceedings.  As the same claims and parties were involved

in the state court action and final judgment was entered on the merits by a court of competent jurisdiction, Plaintiff's current federal complaint, as filed against Chase, fails to state a claim upon which relief may be granted and is barred by the doctrine of *res judicata*.

Based on the foregoing, it is respectfully submitted that the Complaint against Chase should be dismissed with prejudice as a matter of law.

### III.   PLAINTIFF SHOULD BE ENJOINED FROM COMMENCING ANY FUTURE ACTION AGAINST THE DEFENDANTS WITHOUT THIS COURT'S PERMISSION

As Plaintiff has now commenced four lawsuits involving Chase and the same claims all stemming from allegations of fraud, Defendants respectfully request that this Court enter an injunction precluding Plaintiff from commencing any additional lawsuits that involve Chase, any of Chase's agents, including legal counsel, and the same allegations of fraud related to the subject Loan and/or Property without first seeking leave from this Court.  Indeed, the Second Circuit has long recognized a federal court's authority "to control the behavior of litigants who have a 'history of filing vexatious, harassing or duplicative lawsuits'" by restricting a litigant's "future access to the judicial system."  *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 770 (S.D.N.Y. 2010) (quoting *Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (quotation and citation omitted)), report and recommendation adopted and so-ordered in *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730 (S.D.N.Y. 2010).  Accordingly, this court is authorized to restrict a litigant's "repetitive and abusive lawsuits in the future" based on its equitable powers to grant injunctive relief.  *See id.*

When determining whether injunctive relief to restrict a party's right to commence future actions, the court should consider:

> (1) The litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in

> pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (quoting *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).   The decision of whether to impose a permanent injunction remains within the district court's discretion.   *Shafi v. Britiwsh Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996).

Thus far, Plaintiff has filed four lawsuits involving the Chase and/or Chase employees, agent's and/or attorneys, and the same claims regarding Plaintiff's Loan and the subject Property.  Plaintiff also filed an Answer with Counterclaims setting forth the same fraud claims against Chase in the Quiet Title Action, which currently remains pending in New York Supreme Court, Westchester County.  The state court already determined that Plaintiff's claims lack merit and the 2012 Action and 2013 Action were dismissed with prejudice, which was the basis for this Court's dismissal of the 2015 Action.  Plaintiff's current action is and any future claims would be an extension of her prior lawsuits that have been dismissed with prejudice.  As such, Plaintiff has no reasonable or good faith basis for expecting to prevail and, instead, any future lawsuit would be harassing, duplicative and would needlessly cause Defendant additional litigation costs and unnecessarily burden the courts.

In addition to being vexatious and duplicative, Plaintiff's Complaint should be dismissed because the claims lack merit and Plaintiff does not have a good faith expectation of prevailing. Throughout the prior proceedings, Plaintiff has been unable to affirmatively demonstrate that Chase is not the proper mortgagee or holder of the underlying Loan, that she does not remain in default under the Loan or that she otherwise paid off the loan in full satisfaction, as she otherwise

alleges.  On the contrary, Chase has provided a sworn Affidavit setting forth its control over the subject Loan, as servicer, confirming Plaintiff's default and also confirming that the Loan was not satisfied or paid in full.  *See generally* Watkins Aff.   While Plaintiff attacks the validity of the Watkins Affidavit, those allegations were already addressed in the 2012 Action and 2013 Action.  As previously explained, the affidavit was properly executed before a notary public and is accompanied by a certificate of conformity, as required under New York's CPLR 2309 ("[A]n oath or affirmation may be administered by an person authorized to take acknowledgments of deeds by the real property law . . . [or] any person authorized by the laws of this state to receive evidence"; any oath or affirmation taken outside of the state of New York must be accompanied by a certificate of conformity). There is simply no basis to attack the Watkins Affidavit – another issue that is being addressed in the Quiet Title Action.

Moreover, even with the imposition of an injunction prohibiting Plaintiff from filing similar lawsuits in the future, Plaintiff will be able to continue to assert her allegations and claims in the pending Quiet Title Action wherein Plaintiff filed counterclaims and in her pending appeal before the Second Circuit.  Indeed, discovery is underway in the Quiet Title Action and the depositions of Brandie S. Watkins and possibly a Greenpoint Mortgage representative are anticipated.  Similarly, although Defendant believes that Plaintiff's appeal before the Second Circuit will be dismissed, to the extent Plaintiff is successful, the injunctive relief would not apply, as the matter would be remanded to proceed on the merits of the 2014 Action and would not be considered a new or future lawsuit under the injunction.  Accordingly, Plaintiff's rights will not be negatively impacted if an injunction is awarded, as she will be able to proceed with litigating her claims in the Quiet Title Action and in the 2014 Action, if her appeal is granted and the matter is remanded.

{00538684.DOCX 2}

Notably, in the Court's decision dismissing the 2015 Action, this Court addressed and denied Chase's request for a permanent injunctive, explaining that because Plaintiff was a *pro se* litigant in the 2012 Action and 2013 Action filed in state court, Plaintiff "can be excused from not understanding that a federal would be barred from re-hearing her claims based on a state court's prior decision." *See* Cox Cert., ¶ 16, Ex. 14 at P. 21.  The Court further noted that its "Order makes that principle abundantly clear to Sander; accordingly, if she again attempt to bring the same or similar claims, a future court might see a sufficient basis to preclude her from filing future lawsuits." *See id.*

Given Plaintiff's most recent action, along with the appeal pending before the Second Circuit, it is respectfully submitted that this Court should grant Defendant's request for an injunction, entering an order permanently enjoining Plaintiff from filing any new lawsuit against the Defendants, and any Chase employee, agent or retained attorney, which arises from, relates to or affects (1) Plaintiff's Loan, (2) the subject Property, and/or (3) allegations or claims of fraud, without first seeking leave from this Court.  As Plaintiff is *pro se* and continues to file duplicative litigation, it is respectfully submitted that there are no other sanctions that would adequately protect Chase or the courts from Plaintiff's filings.  To find otherwise will unfairly force Defendant to continue to expend significant resources and expenses in defending against Plaintiff's meritless claims, as history shows that Plaintiff will very likely commence a new action against Chase if she does not receive the relief she continues to seek from the courts – namely, a finding that she is not obligated to pay back her Loan and that she is entitled to the Property free and clear of any liens, despite her default under the Loan.

## **CONCLUSION**

For all of the foregoing reasons, Defendant JPMorgan Chase Bank, N.A., respectfully request an Order granting Defendant's Motion to Dismiss the Complaint with prejudice, granting an injunction enjoining Plaintiff from filing any new lawsuits against the Defendant or Defendant's employees, agents and/or counsel, without first seeking leave from this Court, and granting any such other and further relief as this Court may deem just and proper.


Dated: New York, New York
          January 20, 2016

                                          *Respectfully submitted,*


                                           /s/ Melinda Colón Cox
                                          Melinda Colón Cox, Esq.
                                          Anthony W. Vaughn, Jr., Esq.
                                          **PARKER IBRAHIM & BERG LLC**
                                          5 Penn Plaza, Suite 2371
                                          New York, New York 10001
                                          Phone:  (908) 725-9700
                                          Fax:  (908) 333-6230
                                          *Attorneys for Defendant,*
                                          JPMorgan Chase Bank, N.A.

                                          *Please respond to the Somerset Office:*
                                          270 Davidson Avenue
                                          Somerset, New Jersey 08873
                                          Phone: (908) 725-9700
                                          Fax: (908) 333-6230